UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVE INC.,<br><br>　　　　　Defendant. | Case No.  22-cv-04160-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. Nos. 18, 25, 28, 30, 31, 32, 34 |

The motion to compel arbitration and dismiss for improper venue is denied.[1] "In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation." *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). As the party seeking to compel arbitration, Dave "bears 'the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence.'" *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quoting *Knutson v. Sirius XM Radio Inc*., 771 F.3d 559, 565 (9th Cir. 2014)).

Dave has not established that Lopez had actual notice of the arbitration agreement, and so it must establish that she was on "inquiry notice." *Berman*, 30 F.4th at 856. "[A]n enforceable contract will be found based on an inquiry notice theory only if: (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the

---

[1] The requests for judicial notice are granted. *See* Dkt. Nos. 25, 28, 31, 34; *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006); *In re Bare Escentuals, Inc. Securities Litigation*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). The motion for leave to file a surreply is also granted. *See Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020).

consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.*

As a threshold matter, Dave has submitted conflicting evidence regarding the sign-up screen that Lopez would have seen when she registered for the app in 2019. *Compare, e.g.,* Dkt. No. 18-1 at 3 (declaration stating that the "Terms of Use" were hyperlinked "above the button" allowing a user to join Dave), *with* Dkt. No. 27-2 at 2 (screenshot showing "TOS" hyperlinked below the "Join" button). And the declaration of Ashley Hernandez in support of Dave's reply is additionally deficient: it does not explicitly state that the attached sign-up page was the version that would have appeared in March of 2019, when Lopez joined Dave.

But even accepting that Lopez saw this specific sign-up page when she registered, the page does not provide "reasonably conspicuous notice" of the Terms of Use. As the Ninth Circuit explained in *Berman v. Freedom Financial Network, LLC*, "[N]otice must be displayed in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." 30 F.4th at 856. As in *Berman*, that standard is not met. Indeed, the similarities between the webpage in *Berman* and the sign-up screen in this case are striking. A side-by-side comparison of the two is included as an appendix to this opinion.

First, as in *Berman*, the text disclosing the existence of the agreement is "is printed in a tiny gray font considerably smaller than the font used in the surrounding website elements." *Id.* That problem is exacerbated because the "comparatively larger font" of the "Join" button and the cartoon bear "draw the user's attention away from the barely readable critical text." *Id.* at 857.

 Second, the sign-up page does not provide reasonably conspicuous notice of "the fact that a hyperlink is present." *Id.* While the term "TOS" is underlined, "[a] web designer must do more than simply underscore the hyperlinked text in order to ensure that it is sufficiently 'set apart' from the surrounding text." *Id.* A web designer should use "[c]ustomary design elements" to denote the existence of a hyperlink, such as "contrasting font color (typically blue)…[or] all capital letters, both of which can alert a user that the particular text differs from other plain text in that it provides a clickable pathway to another webpage." *Id.* None of those elements are

present here.

If anything, the sign-up page here is worse than the webpage in *Berman*: unlike the screen in *Berman*, the hyperlink to the Terms of Use is below the "Join" button, meaning a user could enter their mobile number and click "Join" without reviewing the remainder of the page (and seeing the hyperlink). And the text in *Berman* explicitly stated that the "Terms & Conditions" included "mandatory arbitration." *Id.* at 861. The text on the sign-up screen here does not mention arbitration, and it only refers to the ambiguous existence of a "TOS."

Because Dave has not established that Lopez had notice of the agreement, the motion to compel arbitration is denied. For the same reasons, the motion to dismiss for improper venue is also denied.

**IT IS SO ORDERED.**

Dated: November 21, 2022

_____
VINCE CHHABRIA
United States District Judge



**Appendix**





Dkt. No. 27-2.

4

30 F.4th 849, 861 (9th Cir. 2022).